IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § | |
|---|---|---|
| TOBY KRISTOPHER PAYNE, | § | |
| TDCJ-CID No. 01720023, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-084-Z-BR |
| | § | |
| JAMES SUTTERFIELD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983 against three Defendants, filed April 27, 2018 and later severed from claims that arose in another jurisdiction. *See* ECF Nos. 1, 6. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division and was granted permission to proceed *in forma pauperis*. On October 15, 2019 Plaintiff filed his response to the Court's Questionnaire ("Questionnaire"). ECF No. 33. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

By the Questionnaire, Plaintiff states that he is no longer pursuing any claim against Defendant Garcia and he seeks dismissal of Defendant Garcia from this suit. *See* ECF No. 33 at 2. Plaintiff sues Defendant James Sutterfield, the Mental Health Manager at the TDCJ Bill Clements Unit where Plaintiff was formerly housed in administrative segregation housing as part of the Chronic Mentally Ill ("CMI") program for that TDCJ facility and NFN Nguyen, a psychiatrist that

discharged him from the CMI program, resulting in Plaintiff's transfer to another facility and integration into general population custody. *See* ECF No. 1 at 4-5, ECF No. 33 at 1-2.

Plaintiff asserts that on July 21, 2017 Defendant Nguyen discharged him from the CMI program against his wishes without providing any counseling to assist Plaintiff with the transition from segregated housing to general population housing, resulting in adjustment issues that led to Plaintiff receiving later disciplinary cases (cases that Plaintiff challenged in the claims severed from this lawsuit and occurring in another jurisdiction). ECF No. 1, at 4-6. Plaintiff alleges that Defendant Sutterfield, as the manager of the CMI, failed to create a counseling program to assist with housing transitions and discharge of patients. ECF No. 33 at 1. Plaintiff asserts that Defendants Sutterfield and Nguyen were in violation of the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and Eighth Amendment for discharging Plaintiff from CMI without "transitional psychiatric treatment, counseling, or program[s]..." ECF No. 1 at 6.

Plaintiff sues each Defendant in his official and individual capacity. ECF No. 33 at 2. Plaintiff seeks permanent injunctive relief, nominal damages, and punitive damages. *Id.* at 3.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

2

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Windham v. Harris Cty., Texas*, 875 F.3d 229, 234 (5th Cir. 2017) (alteration in original) (quoting 42 U.S.C. § 12132). Similarly, "Section 504 of the [RA] provides that '[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]'" *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trs.*, 855 F.3d 681, 690 (5th Cir. 2017) (alterations in original) (quoting 29 U.S.C. § 794(a)).

With regard to public entities, Congress intended that Title II "work in the same manner as Section 504," and jurisprudence interpreting either statute is generally applicable to both. *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (citations omitted).

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.") Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

> To make out a prima facie case under Title II, a plaintiff must show "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability."

*Windham*, 875 F.3d at 235 (quoting *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)). Likewise:

> [t]he prima facie case of discrimination under the [RA] is operationally identical to the test under the ADA, requiring a plaintiff to allege: (1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has been excluded from participation in, been denied benefits from, or otherwise has been subject to discrimination under such program or activity.

*Melton*, 391 F.3d at 676 n.8 (emphasis omitted). Because the legal standards and the jurisprudence of the ADA and RA are effectively the same, this Court's analysis of the ADA should be assumed to extend to the RA unless otherwise stated.

To state a viable claim under the ADA and RA, a plaintiff must allege facts showing exclusion from a service, program, or activity, and he must show his exclusion from such was based upon his disability. *See Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx 963, 965-66 (5th Cir. 2004) (affirming dismissal of prisoner's ADA claim because he failed to allege or show that the was adversely treated solely by reason of a disability); *Hay v. Thaler*, 470 Fed. Appx 411, 418 (5th Cir. 2012) (same).

Here, assuming Plaintiff is a qualified individual by reason of the mental health diagnosis that resulted in his placement in the CMI program, Plaintiff has failed to allege he was excluded from participation in or denied the benefits of services, programs, or activities of a public entity that the exclusion, denial, or discrimination was because of his disability. Plaintiff is complaining

4

of the denial of *continued* mental health care for his disability, not the exclusion from a mental health program by reason of his disability. To the extent that Plaintiff sues Defendant Sutterfield in his official capacity for his failure to create a "transitional" program after release from CMI, neither the ADA nor RA covers the mere absence or inadequacy of medical treatment for a prisoner. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medial needs of its disabled prisoners ... the ADA does not create a remedy for medical malpractice."); *see also Nottingham v. Richardson*, 499 Fed. Appx 368, 377 (5th Cir. 2012) (noting "[t]he ADA is not violated by 'a prison's simply failing to attend to the medical needs of its disabled prisoners' ").

Even if he had alleged he was denied services, Plaintiff does not allege he was intentionally discriminated against because of his disability. Plaintiff was provided an opportunity to answer the Questionnaire. ECF No. 33. He alleges that he should have received additional counseling prior to his discharge from the CMI program to prepare him for housing in general population. *Id.* at 1, ECF No. 1 at 6. He does not allege he was denied access to programs *on the basis of his disability* (presumably his mental health diagnosis). Thus, Plaintiff's ADA and RA claims are **DISMISSED** for failure to state a claim.

Although Title II provides disabled persons redress for discrimination by a public entity, it does not, by statutory definition, include individuals. 42 U.S.C. § 12131(1). Individual defendants cannot be held liable for violations of Title II of the ADA. *See Joseph v. Port of New Orleans*, Civil Action No. 99-1622, 2002 WL 342424, at *10 (E.D. La. March 4, 2002) (finding that "[t]he majority of courts that have addressed the issue have held that the ADA does not permit claims against persons in their individual capacities"), *aff'd*, No. 02-30297, 2002 WL 31933280 (5th Cir. Dec. 27, 2002). Although the Fifth Circuit has not expressly addressed the question of individual

liability under Title II of the ADA, it has recognized that a plaintiff cannot sue an individual under the Rehabilitation Act, 29 U.S.C. § 794(a), which provides a comprehensive remedial framework and enforcement provisions similar to the ADA. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). Moreover, punitive damages are unavailable under the ADA. *Barnes v. Gorman*, 536 U.S. 181, 189-90 (2002). Thus, to the extent Plaintiff sues Defendants in their individual capacities for violations of the RA and ADA, these claims are **DISMISSED** with prejudice as frivolous.

Plaintiff also asserts an Eighth Amendment claim, for deliberate indifference to his mental health needs by his involuntary discharge from the CMI program. ECF No. 33 at 1-3. Plaintiff has failed to state a claim for deliberate indifference by these facts.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quotations omitted). "[C]ertain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment.' " *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (quotations omitted).

Under the Constitution, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (interpreting Eighth Amendment protections). To allege a constitutional violation, an inmate must show that the prison official acted with deliberate indifference toward his serious medical needs, resulting in an unnecessary and wanton infliction of pain. *Id.* Deliberate indifference includes both an objective and subjective component. *Id.* at 410. The inmate must show objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Even where the objective element is established, a constitutional violation occurs only if a prison official (1) knew of the

6

substantial risk of serious harm and (2) disregarded that risk by failing to take reasonable measures to address it. *Id.* A prison official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citations, alterations, and internal quotation marks omitted). Additionally, mere disagreement with the type of medical treatment provided does not rise to the level of deliberate indifference. *Id.* Instead, a prisoner must show that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In sum, the burden of demonstrating deliberate indifference is "an extremely high standard to meet." *Domino*, 239 F.3d at 756.

Defendant Nguyen's decision to discharge Plaintiff from a mental health program was not a denial of medical/mental health care, it was a treatment decision. Plaintiff does not allege facts constituting deliberate indifference. In fact, Defendant Nguyen inarguably provided mental health care to Plaintiff during his tenure in the CMI program. Plaintiff instead alleges a need for a specific "transitional" counseling between his release from the CMI program and his transfer to the general population, and claims his release from CMI was "involuntary." ECF 1 at 6. Defendants' alleged failure to anticipate Plaintiff's transitional difficulties to general population after his other extensive mental health treatment in the CMI program is not a factual scenario supporting allegations of denial of mental health treatment. Further, the authenticated records received in this case reflect continued medical and mental health care received by Plaintiff before and after his treatment in the CMI program. Thus, Plaintiff has failed to state a claim for deliberate indifference and these claims are **DISMISSED**.

7

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice as frivolous and for failure to state a claim.

**SO ORDERED.**

July 27, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE